**Shaun Darnell GARLAND,
Plaintiff–Appellant,**

v.

**Matthew CATE, Secretary of Dep. Corr., Defendant–Appellee.**

No. 13–16677.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Oct. 9, 2014.

Shaun Darnell Garland, Blythe, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

California state prisoner Shaun Darnell Garland appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action related to his criminal sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed as *Heck*-barred Garland's claim challenging the validity of his restitution fine. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

The district court properly dismissed as frivolous Garland's claim seeking compensation under California Penal Code

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 2900.5. *See O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir.1990) (defining "frivolous" as having no arguable basis in fact or law).

**AFFIRMED.**

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-